## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| THOMAS J. BAYLOR, | DOCKET NUMBER |
| Appellant, | DC-1221-19-0493-W-1 |
| v. | |
| DEPARTMENT OF VETERANS AFFAIRS, | DATE: July 2, 2024 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Thomas J. Baylor</u>, Hampton, Virginia, pro se.

<u>Amanda E. Shaw</u>, Roanoke, Virginia, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

### FINAL ORDER

¶1 The appellant has filed a petition for review of the initial decision, which dismissed his individual right of action (IRA) appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact;

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to supplement the administrative judge's analysis regarding whether the appellant nonfrivolously alleged that the single disclosure he exhausted with the Office of Special Counsel (OSC) was a contributing factor in his termination, and to VACATE the administrative judge's alternative findings that the appellant failed to nonfrivolously allege that he was perceived as a whistleblower and that such perception was a contributing factor in his termination, we AFFIRM the initial decision.

## BACKGROUND

¶2 The appellant was a WG-02 Housekeeping Aid with the agency. Initial Appeal File (IAF), Tab 5 at 10. Effective December 15, 2018, the agency terminated him during his probationary period. *Id.* at 10-13. The appellant filed a complaint with OSC on January 8, 2019. IAF, Tab 1 at 12-25. In his OSC complaint, the appellant alleged that he made a disclosure to the Executive Assistant to the Associate Director (EAAD) on December 6, 2018, about his first-line supervisor's abuse of power and abusive conduct toward staff. *Id.* at 19. He also indicated in his OSC complaint that he asked the Environmental Management Services (EMS) Chief to move him to the day shift, but that this

request was denied. *Id.* On April 25, 2019, OSC closed its investigation into the appellant's complaint. *Id.* at 31.

¶3    This appeal followed. IAF, Tab 1. In her order on jurisdiction and proof requirements, the administrative judge informed the appellant of how to establish the Board's jurisdiction over his IRA appeal, including how to establish jurisdiction over his appeal based on a claim that the agency perceived him to be a whistleblower. IAF, Tab 3. In response, the appellant alleged the following, among other things: (1) his first-line supervisor's mistreatment of female staff rose to the level of sexual harassment; (2) in November 2018, when he requested that the EMS Chief move him to the day shift, he also told him about his supervisor's abusive behavior, and the conversation therefore constituted a protected disclosure; and (3) even if his disclosures to the EAAD and EMS Chief were not protected, he was perceived as a whistleblower. IAF, Tab 8 at 6-7.

¶4    Thereafter, the administrative judge issued an initial decision dismissing the IRA appeal for lack of jurisdiction. IAF, Tab 14, Initial Decision (ID). The administrative judge found that the appellant exhausted his administrative remedies regarding his disclosure to the EAAD, but that he failed to establish exhaustion regarding both making a disclosure to the EMS Chief and being perceived as a whistleblower. ID at 4-5. The administrative judge further found that the appellant failed to nonfrivolously allege that his disclosure to the EAAD was protected because the appellant's allegations regarding his first-line supervisor's alleged abuse of power and abusive behavior were conclusory, vague, and unsupported. ID at 5-6. The administrative judge also noted that allegations of sex discrimination and sexual harassment are not protected disclosures. ID at 6.

¶5    The administrative judge alternatively found that, because the appellant failed to nonfrivolously allege that the officials involved in his termination were aware of his disclosure or otherwise perceived him to be a whistleblower, the appellant failed to nonfrivolously allege that he was perceived as a whistleblower

and that, if such perception existed, it was a contributing factor in his termination. ID at 7. Moreover, the administrative judge found that the appellant failed to nonfrivolously allege that his disclosure to the EAAD was a contributing factor in the agency's decision to remove him. ID at 7-8. Accordingly, the administrative judge dismissed the appellant's IRA appeal for lack of jurisdiction. ID at 9.

¶6    The appellant timely filed a petition for review, in which he merely asserts that he was retaliated against. Petition for Review (PFR) File, Tab 1. The agency has filed a response opposing the petition. PFR File, Tab 4.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶7    Generally, the Board has jurisdiction over an IRA appeal if the appellant has exhausted his administrative remedies before OSC and makes nonfrivolous allegations that (1) he made a protected disclosure described under 5 U.S.C. § 2302(b)(8) or engaged in protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D), and (2) the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a). *Salerno v. Department of the Interior*, 123 M.S.P.R. 230, ¶ 5 (2016); *see* 5 U.S.C. §§ 1214(a)(3), 1221(e)(1). Under certain circumstances, however, an appellant can establish jurisdiction over an IRA appeal without making a nonfrivolous allegation that he made a protected disclosure. *King v. Department of the Army*, 116 M.S.P.R. 689, ¶ 6 (2011). Specifically, an individual who is perceived as a whistleblower is still entitled to the protections of the Whistleblower Protection Act, as amended by the Whistleblower Protection Enhancement Act of 2012 (WPEA), even if he has not made protected disclosures or engaged in protected activity. *Id.*; *Corthell v. Department of Homeland Security*, 123 M.S.P.R. 417, ¶¶ 12-13 (2016), *overruled on other grounds by Requena v. Department of Homeland Security*, 2022 MSPB 39. To establish the Board's jurisdiction over a claim of retaliation for being

perceived as a whistleblower, the appellant must show that he exhausted his administrative remedies with OSC and make nonfrivolous allegations that (1) the agency perceived him as making or intending to make a whistleblowing disclosure, or engaging in or intending to engage in a protected activity, and (2) the agency's perception was a contributing factor in its decision to take or not take the personnel action at issue. *See Corthell*, 123 M.S.P.R. 417, ¶¶ 12-13; *Rumsey v. Department of Justice*, 120 M.S.P.R. 259, ¶ 8 (2013).

<u>The appellant exhausted his administrative remedies regarding his disclosure to the EAAD, but he failed to exhaust his remedies regarding his disclosure to the EMS Chief and his claim of being perceived as a whistleblower.</u>

¶8        Under 5 U.S.C. § 1214(a)(3), an appellant is required to "seek corrective action from [OSC] before seeking corrective action from the Board" through an IRA appeal. *Chambers v. Department of Homeland Security*, 2022 MSPB 8, ¶ 10. To satisfy this requirement, an appellant must provide to OSC a sufficient basis to pursue an investigation that might lead to corrective action. *Id.* The purpose of the exhaustion requirement is to give OSC "the opportunity to take corrective action before involving the Board in the case." *Ward v. Merit Systems Protection Board*, 981 F.2d 521, 526 (Fed. Cir. 1992).

¶9        In his OSC complaint, the appellant alleged that he met with the EAAD on December 6, 2018, to initiate a complaint against his first-line supervisor for abuse of power, abusive behavior toward male staff, and inappropriate and offensive conduct with female staff. IAF, Tab 1 at 19. The appellant stated that he also wanted to report the harassment and bullying that he personally experienced from the supervisor. *Id.* The administrative judge found that the appellant sufficiently exhausted this disclosure with OSC. ID at 4-5. We see no reason to disturb that well-reasoned finding. *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (finding that the Board will not disturb an administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences from the evidence, and made reasoned conclusions).

¶10    The appellant also stated in his OSC complaint that he requested that the EMS Chief move him to the day shift so that he could work under a different supervisor, but that this request was denied. IAF, Tab 1 at 19. Although before the Board the appellant stated that he also made a disclosure to the EMS Chief about his first-line supervisor's abusive behavior, IAF, Tab 8 at 6-7, such information was absent from his OSC complaint, IAF, Tab 1 at 13-25. OSC's close-out letter does not indicate that OSC was aware of any such disclosure by the appellant to the EMS Chief. *Id.* at 31. Nor is there any other correspondence in the record between the appellant and OSC through which such information might have been conveyed. We therefore discern no basis for disturbing the administrative judge's well-reasoned finding that the appellant failed to exhaust this disclosure with OSC. ID at 4-5.

¶11    Nowhere in his OSC complaint does the appellant reference being perceived as a whistleblower, and OSC's close-out letter does not indicate that OSC understood him as raising such a claim. IAF, Tab 1 at 13-25, 31. As previously noted, the administrative judge provided the appellant with notice on how to establish jurisdiction over his IRA appeal based on a claim that he was perceived as a whistleblower. IAF, Tab 3 at 5-8. Accordingly, we agree with the administrative judge's finding that the appellant failed to exhaust this claim with OSC. ID at 4-5; *see El v. Department of Commerce*, 123 M.S.P.R. 76, ¶ 12 (2015) (finding that the appellant failed to exhaust with OSC his claim that he may have been perceived as a whistleblower), *aff'd*, 663 F. App'x 921 (Fed. Cir. 2016).

The appellant failed to nonfrivolously allege that his disclosure to the EAAD about his supervisor was protected.

¶12    A nonfrivolous allegation of a protected whistleblowing disclosure is an allegation of facts that, if proven, would show that the appellant disclosed a matter that a reasonable person in his position would believe evidenced one of the categories of wrongdoing specified in 5 U.S.C. § 2302(b)(8). *Salerno*,

123 M.S.P.R. 230, ¶ 6. The test to determine whether a putative whistleblower has a reasonable belief in the disclosure is an objective one: whether a disinterested observer with knowledge of the essential facts known to and readily ascertainable by the employee could reasonably conclude that the actions of the agency evidenced a violation of law, rule, or regulation, gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety. *Id.* The disclosures must be specific and detailed, not vague allegations of wrongdoing. *Id.*

¶13     Regarding the appellant's allegation that he disclosed to the EAAD that his first-line supervisor was abusing his power and engaging in abusive behavior, the appellant has provided virtually no details in support of this contention. In his OSC complaint, he stated that his supervisor abused his power, was abusive toward male subordinate staff, and that his supervisor's conduct toward female subordinate staff was inappropriate and offensive. IAF, Tab 1 at 19. The appellant also stated that the harassment "included threats of getting rid of us (employees)" and "being written up" based on untrue allegations. *Id.* He reasserted these same vague claims before the Board, and, as previously noted, added that he believed his supervisor's conduct toward female staff rose to the level of sexual harassment. IAF, Tab 8 at 6. However, the appellant failed to provide even a single, specific example of his supervisor's alleged abuse of power or harassment. Accordingly, the administrative judge found that the appellant failed to nonfrivolously allege that he made a protected disclosure to the EAAD about his supervisor's conduct. ID at 5-6. We see no reason to disturb that finding. *Crosby*, 74 M.S.P.R. at 105-06.

¶14     Regarding the appellant's vague allegation of his supervisor sexually harassing female employees, the administrative judge correctly noted that disclosures regarding allegations of sex discrimination and sexual harassment are not protected disclosures under 5 U.S.C. § 2302(b)(8). ID at 6; *see Edwards v. Department of Labor*, 2022 MSPB 9, ¶ 22, *aff'd*, No. 2022-1967, 2023 WL

4398002 (Fed. Cir. July 7, 2023). Although the administrative judge relied on cases that predated the enactment of the WPEA in reaching this finding, the Board has recently clarified that the WPEA does not alter the long-standing administrative and judicial interpretation that Title VII-related claims are excluded from protection under the whistleblower protection statutes. *Edwards*, 2022 MSPB 9, ¶ 22.

<u>The appellant failed to nonfrivolously allege that his disclosure to the EAAD was a contributing factor in his termination.</u>

¶15     To satisfy the contributing factor criterion at the jurisdictional stage of an IRA appeal, the appellant only need raise a nonfrivolous allegation that the fact or the content of the protected disclosure was one factor that tended to affect the personnel action in any way. *Bradley v. Department of Homeland Security*, 123 M.S.P.R. 547, ¶ 13 (2016). One way to establish this criterion is the knowledge/timing test, under which an employee may nonfrivolously allege that the disclosure was a contributing factor in a personnel action through circumstantial evidence, such as evidence that the official who took the personnel action knew of the disclosure and that the personnel action occurred within a period of time such that a reasonable person could conclude that the disclosure was a contributing factor in the personnel action. *Id.*

¶16     Here, the appellant's purported disclosure to the EAAD occurred 1 day before he received the notice that he was to be terminated. As the administrative judge found, this satisfies the timing component of the knowledge/timing test. ID at 8; *see Ontivero v. Department of Homeland Security*, 117 M.S.P.R. 600, ¶ 23 (2012) (finding that a personnel action taken within approximately 1 to 2 years of the appellant's disclosures satisfies the timing component of the knowledge/timing test). The administrative judge nevertheless found that the appellant failed to nonfrivolously allege that the disclosure was a contributing factor in his termination because he failed to allege that the officials involved in his termination—namely, the EMS Chief as the proposing official and the Human

Resources (HR) Chief as the deciding official—were aware of the disclosure. ID at 7-8. We discern no basis for disturbing the administrative judge's finding that the appellant failed to nonfrivolously allege that the proposing and deciding officials were aware of his disclosure.[2]

¶17      However, the Board has held that, if an administrative judge determines that an appellant has failed to satisfy the knowledge/timing test, she shall consider other evidence, such as evidence pertaining to the strength or weakness of the agency's reasons for taking the personnel action, whether the whistleblowing was personally directed at the proposing or deciding officials, and whether these individuals had a desire or motive to retaliate against the appellant. *Dorney v. Department of the Army*, 117 M.S.P.R. 480, ¶ 15 (2012). Here, the administrative judge did not consider evidence other than that pertaining to the knowledge/timing test in relation to the contributing factor issue. Nevertheless, she did provide the appellant with notice of how he could meet the contributing factor element of his appeal based on evidence other than that related to the knowledge/timing test. IAF, Tab 3 at 4-5.

¶18      Concerning the strength of the agency's evidence in support of its action, the agency terminated the appellant due to his alleged excessive and unauthorized absences, insubordination, and disrespectful behavior toward employees and patients. IAF, Tab 6 at 11. These allegations against the appellant are supported by numerous contemporaneous reports and memoranda from the appellant's first-line supervisor and others, dated between September 30, 2018, and November 9, 2018, documenting the appellant's alleged misconduct, unauthorized absences, and excessive leave. *Id.* at 14-46. Other than to assert in conclusory fashion that he was terminated because of his disclosures and that the agency's allegations are unsubstantiated, the appellant did not dispute any of the agency's specific allegations against him. IAF, Tab 1 at 6, 19, 25.

[2] Additionally, there is no information in the record to indicate that anyone aware of the appellant's alleged protected disclosures influenced the individuals who took the personnel action involved.

¶19      Regarding the issue of whether the disclosures were directed at the proposing or deciding officials, the appellant's disclosure to the EAAD was personally directed against his first-line supervisor, who did not serve as either the proposing or deciding official in this matter. Moreover, we discern no evidence indicating that the proposing and deciding officials had a desire or motive to retaliate against the appellant. Accordingly, we find that the appellant failed to nonfrivolously allege that his protected disclosure was a contributing factor in the agency's decision to terminate him.

We vacate the administrative judge's findings that the appellant failed to nonfrivolously allege that he was perceived as a whistleblower and that such perception was a contributing factor in his termination.

¶20      In the case of a perceived whistleblower, the focus is on the agency's perception, i.e., whether the agency officials involved in the personnel actions at issue believed that the appellant made or intended to make disclosures that evidenced the type of wrongdoing listed under 5 U.S.C. § 2302(b)(8). *King*, 116 M.S.P.R. 689, ¶ 8. The issue of whether the appellant actually made protected disclosures is immaterial; the issue of whether the agency perceived the appellant as a whistleblower will essentially stand in for that portion of the Board's analysis in both the jurisdictional and merits stages of the appeal. *Id.*

¶21      The administrative judge found that the appellant failed to nonfrivolously allege that he was perceived as a whistleblower by the responsible agency officials or that such a perception, if it existed, was a contributing factor in his termination, because he never alleged that the EMS Chief or HR Chief knew of his disclosure to the EAAD or otherwise viewed him as a whistleblower. ID at 7. As stated above, we agree with the administrative judge that the appellant failed to exhaust with OSC his claim regarding being perceived as a whistleblower. ID at 5. We therefore find it unnecessary to consider this claim further and vacate the administrative judge's alternative finding that the appellant failed to

nonfrivolously allege that he was perceived as a whistleblower and that any such perception was a contributing factor in his termination.

## NOTICE OF APPEAL RIGHTS[3]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. §1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on

race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:        _____
*Gina K. Grippando*
Gina K. Grippando
Clerk of the Board

Washington, D.C.